UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, ex rel. Ricia Johnson and Health Dimensions Rehabilitation, Inc., | Civil No. 08-1194 (DWF/JJK) |
| Plaintiffs, | |
| v. | ORDER |
| Golden Gate National Senior Care, LLC; GGNSC Holdings, LLC; and GGNSC Wayzata, LLC, all doing business as Golden Living Center-Hillcrest of Wayzata; and Aegis Therapies, Inc., | |
| Defendants. | |

This matter is before the Court upon Defendants' appeal (Doc. No. 107) of Magistrate Judge Jeffrey J. Keyes's November 15, 2012 Order (Doc. No. 106). Relators oppose Defendants' appeal. (Doc. No. 109.)

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996)

(quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court finds that Magistrate Judge Keyes's Order is neither clearly erroneous nor contrary to law.

Through their objection, Defendants seek to: (1) limit the patient information that Defendants must produce to the 13 patients identified in the complaint; and (2) compel Relator Health Dimensions Rehabilitation, Inc. ("HDR") to produce documents related to its billing and consulting policies. (Doc. No. 107.) Relators argue that information related to all patients who received therapy services at Hillcrest during the period at issue is relevant, and the production of such information is not unduly burdensome. (Doc. No. 109.) Still, Relators offered to limit production as set forth in the parties' submissions. (*Id.*; Doc. No. 108, Wilson Decl. ¶ 3, Ex. B.) The Court adopts Relators' proposed limitations as set forth below. With respect to HDR's billing and consulting practices, the Court agrees with the Magistrate Judge that such information is not relevant to the claims or defenses at issue in this qui tam action.

In light of the foregoing, and the records and proceedings herein, the Court concludes that Defendants have failed to demonstrate that the discovery ruling is either clearly erroneous or contrary to law.[1] Therefore, the Court overrules Defendants'

---

[1] The Court reserves the right to award attorney fees and costs upon completion of discovery in the event Defendants can establish that production of the requested documents was unreasonably cumulative, duplicative or burdensome.

objection and affirms Magistrate Judge Jeffrey J. Keyes's November 15, 2012 Order as modified below.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Objection to Magistrate Judge Jeffrey J. Keyes's November 15, 2012 Order (Doc. No. [107]) is **OVERRULED**.

2. The following modification shall be made to the Order:

    a. The patients whose records must be produced by Defendants are limited to those patients who received therapy services in the Hillcrest Wellness Center during the relevant time period (December 1, 2005 to March 31, 2007) that were ultimately paid for by Medicare.

    b. As to those patients whose records must be produced, Defendants may limit their production of the hospital chart to only the hospital discharge summary.

3. Magistrate Judge Jeffrey J. Keyes's November 15, 2012 Order (Doc. No. [106]) is **AFFIRMED as modified**.


Dated: January 17, 2013            s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge