# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, ex rel., Ricia Johnson, and Health Dimensions Rehabilitation, Inc., | Civil No. 08-1194 (DWF/HB) |
| Plaintiffs, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Golden Gate National Senior Care, L.L.C.; GGNSC Holdings, L.L.C; and GGNSC Wayzata, L.L.C.; all doing business as Golden Living Center – Hillcrest of Wayzata; and Aegis Therapies, Inc., | |
| Defendants. | |

Jonathan M. Bye, Esq., Ballard Spahr LLP; Lariss Maldonado, Esq., Stinson LLP; and W. Anders Folk, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiffs Ricia Johnson and Health Dimensions Rehabilitation, Inc.

Amy Slusser Conners, Esq., Jennifer L. Olson, Esq., and Thomas Backer Heffelfinger, Esq., Best & Flanagan LLP; James D. Kremer, Esq., DeWitt Mackall Crounse & Moore S.C.; Robert Salcido, Esq., Akin Gump Strauss Hauer & Feld LLP; and Kevin D. Hofman, Esq., Messerlie & Kramer P.A., counsel for Defendants.

Chad A. Blumenfield and Pamela Marentette, Assistant United States Attorneys, United States Attorney's Office, and Jonathan M. Bye, Esq., Ballard Spahr LLP, counsel for United States of America.

## INTRODUCTION

On April 20, 2020, the Court largely denied Defendants' Motion for Summary

Judgment (Doc. No. 486 ("Motion")); however, the Court requested supplemental

briefing with respect to two issues. (Doc. No. 514 ("April 20, 2020 Order") at 33.)

Defendants timely submitted a letter brief related to the issues on May 5, 2020. (Doc.

No. 520 ("Def. Pos.")  Relators timely submitted a response on May 20, 2020. (Doc.

No. 531 (Rel. Pos.").)  For the reasons set forth below, the Court denies the remaining

issues and therefore denies Defendants' Motion in its entirety.

## BACKGROUND

The factual background for the above-entitled matter is clearly and precisely set

forth in the Court's December 9, 2016 Memorandum Opinion and Order (Doc. No. 324

(Phase I Order")), and supplemented in its April 20, 2020, Order (collectively,

"Background").)  The Court incorporates the Background by reference herein.[1]

In short, this *qui tam* action was filed in 2008.  Relators Ricia Johnson ("Johnson")

and Health Dimensions Rehabilitation, Inc. ("HDR") (collectively, "Relators") allege that

Defendants Golden Gate National Senior Care, L.L.C., GGNSC Holdings, L.L.C,

GGNSC Wayzata, L.L.C., and Aegis Therapies, Inc. ("Defendants") violated the False

Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"), by submitting false Medicare claims in

connection with Defendants' provision of physical and occupational therapy services to

nursing home patients.

Relators' complaint focused on two separate time periods; therefore, the Court

divided the case into two phases. (Doc. No. 178.)  Discovery was phased such that

Phase II would occur only if Relators' claims survived summary judgment as to Phase I.

---

[1]     The Court also supplements the Background as needed.

On December 9, 2016, the Court granted in part and denied in part Defendants' motion for summary judgment with respect to Phase I.  (*See generally* Phase I Order.)

On January 10, 2020, Defendants moved for summary judgment on Relators' remaining claims and theories for Phase II:  (1) scope-of-license; (2) skilled services; (3) supervision; (4) group therapy; (5) claims against certain Defendants and conspiracy (Count III); and (6) reverse FCA allegations (Count IV).  (Motion.)  While the Court largely denied Defendants' Motion, it requested additional information with respect to the claims against certain Defendants and Relators' conspiracy count before deciding those issues.  (April 20, 2020 Order at 33.)

Specifically, the Court requested additional information on the relationship among Defendants, and how Relators' conspiracy claim affects the ultimate outcome of this litigation.[2]  (*Id.*)  The Court found that because neither party had fully briefed those

---

[2]     Defendants argued that Relators' allegations against Defendants Golden Gate National Senior Care, L.L.C. and GGNSC Holdings, L.L.C fail as a matter of law because Relators have no evidence that they caused the presentation of a knowingly false, material claim and "it is axiomatic that a corporate entity is not liable under the FCA merely because it is related to another corporate entity."  (Doc. No. 488 at 30-31.) Defendants also argued that Relators' conspiracy claim should be dismissed because Relators allege a conspiracy among related corporate entities.  (*Id*. at 32.)

Relators argued that Defendants Golden Gate National Senior Care, L.L.C. and GGNSC Holdings, L.L.C are a part of the self-described "Golden Living Family of companies" ("Golden Living entities") and are not entitled to summary judgment as a matter of law because the ownership, administration, billing, and financial interests of the Golden Living entities are united and each Defendant is liable for its role in the alleged fraudulent billing.  (Rel. Opp. at 31-32.)  Moreover, Relators argued that their conspiracy claim survives because the intra-conspiracy doctrine should be limited to antitrust law cases where the doctrine developed.  (*Id.* at 32-33.)

issues, it could not conclude as a matter of law whether dismissal of Relators' allegations

against Defendants Golden Gate National Senior Care, L.L.C. ("Golden Gate") and

GGNSC Holdings, L.L.C. ("GGNSC Holdings") was appropriate, or whether Relators'

conspiracy claim survived summary judgment.  The parties timely provided supplemental

briefing.  This Order follows.

## DISCUSSION

## I.    False Claims Act

Under the FCA's *qui tam* provisions, relators—private citizens acting as

whistleblowers—may sue on behalf of the Government to recover damages for

submission to the Government of materially false claims for payment.  31 U.S.C.

§§ 3729, 3730; *see, e.g.*, *United States ex rel. Donegan v. Anesthesia Assocs. of Kan.

City, PC*, 833 F.3d 874, 876 (8th Cir. 2016).  "The FCA attaches liability, not to the

underlying fraudulent activity, but to the claim for payment."  *U.S. ex rel. Onnen v. Sioux

Falls Indep. Sch. Dist. No. 49-5*, 688 F.3d 410, 414 (8th Cir. 2012) (quoting *U.S. ex rel.

Costner v. URS Consultants, Inc.*, 153 F.3d 667, 677 (8th Cir. 1998)).  As such, a viable

FCA claim generally requires a relator to establish that the defendant presented a claim

for payment to the Government, that the claim was false or fraudulent, and that the

defendant knew the claim was false or fraudulent.  *U.S. ex rel. Simpson v. Bayer

Healthcare (In re Baycol Prods. Litig.)*, 732 F.3d 869, 875 (8th Cir. 2013).  In addition,

an FCA violation requires proof that a false or fraudulent claim or statement was material

to the Government's decision to pay a claim.  *Universal Health Servs., Inc. v. U.S. ex rel.*

4

*Escobar*, 136 S. Ct. 1989, 2001 (2016); *U.S. ex rel. Vigil v. Nelnet, Inc.*, 639 F.3d 791, 797 (8th Cir. 2011).

## II.     Legal Standard

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Courts must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.  *Weitz Co., LLC v. Lloyd's of London*, 574 F.3d 885, 892 (8th Cir. 2009).  However, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996).  The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial.  *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995).  A party opposing a properly supported motion for summary judgment "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

A.      **Claims against Certain Defendants**

Defendants now argue that the claims against Defendants Golden Gate and

GGNSC Holdings should be dismissed because Relators present no evidence that

GGNSC Holdings or Golden Gate knowingly presented or caused the presentation of

false claims.  (Def. Pos. at 2.)

Defendants assert that "[t]hroughout the twelve years of litigation and the millions

of pages of documents Defendants have produced[,] Relators['] only inquiry as to Golden

Gate or GGNSC Holdings arose during a Rule 30(b)(6) deposition" and "[d]uring the

deposition, there was no direct linkage established between GGNSC Holdings and the

operations at Hillcrest or Aegis Therapies other than general corporate affiliation." (*Id.*)

Defendants argue further that Relators did not establish a direct link between Golden

Gate and the operation at Hillcrest or Aegis Therapies other than general corporate

affiliation.  (*Id.* at 2-3.)  Moreover, Defendants contend that "there is no summary

judgment evidence that GGNSC Holdings or Golden Gate *knowingly* caused Hillcrest to

submit allegedly false claims." (*Id.* at 3 (emphasis in original).)

Defendants argue further that Relators' theory of liability in which all affiliated

companies are liable under the FCA when a single entity within the family of companies

is liable "has been universally rejected." (*Id.* at 3-4.)

Relators argue that Defendants' argument fails because there is sufficient evidence

to link GGNSC Holdings and Golden Gate to the operations at Hillcrest.  (Rel. Pos. at 1.)

Relators assert that Defendants admitted in both their answer to Relators' complaint

(Doc. No. 64 ("Answer")) and their answer to Relators' amended complaint (Doc.

No.  200 ("Am. Answer")), that GGNSC Holdings and Golden Gate, as well as GGNSC

Wayzata, L.L.C. (collectively, "Golden Living Defendants"), were "'all doing business as

Golden LivingCenter [sic]—Hillcrest of Wayzata.'"  (*Id.* at 1 (quoting Answer at 1; Am.

Answer. at 1)).)

Relators argue further that the Golden Living Defendants answered discovery

requests as one, and on numerous occasions explicitly made the same admission that they

were "all doing business as Golden LivingCenter [sic]– Hillcrest of Wayzata."  (*Id.* at 1-2

(citing Doc. Nos. 85-2 at 16, 33; 96-2 at 2; 215, Exs. J at 1, M at 1, P at 1).)  Relators

assert that "[i]n light of Defendants' repeated admissions that it was all three Golden

Living Defendants doing business as Golden LivingCenter [sic]" there was no need for

additional discovery to prove the linkage.  (*Id.* at 2.)

Having reviewed the record, the Court agrees with Relators.  Because Defendants

GGNSC Holdings and Golden Gate repeatedly held themselves out as doing business as

Golden LivingCenter [sic], the Court finds sufficient evidence to survive summary

judgment and that a reasonable factfinder could find them liable for the operations at

Hillcrest.  Therefore, the Court declines to dismiss them as Defendants.

### B.    Conspiracy

Defendants also argue that Relators' conspiracy count should be dismissed

because Relators:  (1) did not provide summary judgment evidence that Defendants

entered into an agreement to get false claims paid; and (2) allege a conspiracy among

related corporate entities.  (Def. Pos. at 4.)  Defendants assert that "the vast majority of

FCA cases, including within this district, have applied the intra-corporate conspiracy

doctrine in FCA cases to dismiss conspiracy allegations." (*Id.* (internal citation omitted).) Defendants argue further that "the vast majority of cases have expressly rejected narrowing the doctrine to only antitrust cases because courts have held that general civil conspiracy principles apply to FCA conspiracy claims and thus the intra-corporate conspiracy doctrine, a principle of civil conspiracy law, applies to FCA conspiracy claims." (*Id.*)

In lieu of responding to Defendants' argument for summary judgment, Relators respond directly to the Court's question regarding how the conspiracy count affects the ultimate outcome of this litigation. (Rel. Pos. at 2.) Relators assert that "the conspiracy count should be superfluous to the ultimate outcome of the case as the evidence is that each of the Defendants were liable as direct participants in submitting or causing the submission of the false claims." (*Id.*) Relators argue that to the extent Defendants attempt to "hide behind their corporate shells" despite their admissions that the Golden Living Defendants were directly involved in the business of the Golden LivingCenter [sic], "it may be necessary for the jury to consider in the alternative Defendants' liability for conspiracy." (*Id.*)

As discussed above, the Court finds sufficient evidence that GGNSC Holdings and Golden Gate were sufficiently linked to the operations at Hillcrest because they repeatedly held themselves out as doing business as Golden LivingCenter [sic]. Therefore, the Court agrees that the conspiracy count is likely superfluous. Notwithstanding, the Court finds that whether or not dismissal of the count is warranted

is more appropriately resolved as a pre-trial matter.[3]  Accordingly, the Court declines to dismiss the conspiracy count at this time.

## CONCLUSION

For the reasons stated above, the Court finds that after Defendants' multiple admissions that GGNSC Holdings and Golden Gate were doing business as Golden LivingCenter [sic], Defendants may not now claim that GGNSC Holdings and Golden Gate are immune from liability.  Accordingly, the Court declines to dismiss GGNSC Holdings and Golden Gate as defendants.  Moreover, while the Court recognizes that Relators' conspiracy count may be superfluous, the Court finds that this issue is better resolved as pre-trial matter and declines to dismiss the count at this time.

## ORDER

Accordingly, based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that the entirety of Defendants' Motion for Summary Judgment (Doc. No. [486]) is **DENIED**.


Dated:  May 27, 2020                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge

---

[3]     Depending upon Defendants' theory of defense and Plaintiffs' theory and basis for liability, it is likely that the Court will need to address and rule on evidentiary issues during the pretrial conference.