**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, ex rel., Ricia Johnson, and Health Dimensions Rehabilitation, Inc., | Civil No. 08-1194 (DWF/HB) |
| Plaintiffs, | |
| v. | **ORDER** |
| Golden Gate National Senior Care, L.L.C.; GGNSC Holdings, L.L.C; and GGNSC Wayzata, L.L.C.; all doing business as Golden Living Center – Hillcrest of Wayzata; and Aegis Therapies, Inc., | |
| Defendants. | |

This matter is before the Court on Defendants' motion to stay proceedings and for certification of interlocutory appeal (Doc. No. 522 ("Motion")) pursuant to 28 U.S.C. § 1292(b). Relators Ricia Johnson ("Johnson") and Health Dimensions Rehabilitation, Inc. ("HDR") (collectively, "Relators") and the United States of America ("Government") oppose Defendants' Motion. (Doc. Nos. 533 ("Rel. Opp.") & 534 ("Govt. Opp.").) For the reasons set forth below, the Court denies Defendants' Motion.

The factual background for the above-entitled matter is clearly and precisely set forth in the Court's December 9, 2016 Memorandum Opinion and Order (Doc. No. 324 (Phase I Order")), and supplemented in its April 20, 2020 Order (Doc. No. 514 ("April

2020 Order")) (collectively, "Background").)  The Court incorporates the Background by reference herein.[1]

In short, this *qui tam* action was filed in 2008.  Relators Ricia allege that Defendants Golden Gate National Senior Care, L.L.C., GGNSC Holdings, L.L.C, GGNSC Wayzata, L.L.C., and Aegis Therapies, Inc. ("Defendants") violated the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"), by submitting false Medicare claims in connection with Defendants' provision of physical and occupational therapy services to nursing home patients.

Relators' complaint focused on two separate time periods; therefore, the Court divided the case into two phases.  (Doc. No. 178.)  Discovery was phased such that Phase II would occur only if Relators' claims survived summary judgment as to Phase I.  On December 9, 2016, the Court granted in part and denied in part Defendants' motion for summary judgment with respect to Phase I.  (*See generally* Phase I Order.)

On January 10, 2020, Defendants moved for summary judgment on Relators' remaining claims and theories for Phase II:  (1) scope-of-license; (2) skilled services; (3) supervision; (4) group therapy; (5) claims against certain Defendants and conspiracy (Count III); and, (6) reverse FCA allegations (Count IV).  (Doc. No. 486.)  While the Court largely denied Defendants' motion, it requested additional information with respect to the claims against certain Defendants and Relators' conspiracy count before deciding those issues.  (April 2020 Order at 33.)  After supplemental briefing, the Court denied

---

[1]     The Court also supplements the Background as needed.

Defendants' motion for summary judgment in its entirety on May 27, 2020. (Doc. No. 527.)

Defendants now move to certify the Phase I Order and the April 2020 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and for a stay pending appeal. (Motion; *see also* Doc. No. 523 ("Def. Memo.") at 1.) Both the Relators and the Government oppose the Motion.[2] (*See generally* Rel. Opp.; Govt. Opp.) Specifically, Defendants seek to certify the following five questions:

1) Whether if Defendants' clinical expert opines that services provided are skilled therapy and Relators consider the same therapy to be unskilled, reasonable disagreement of clinical opinion regarding whether the services are skilled can be "false" under the FCA?

2) Whether, as a matter of law, the Supreme Court's decision in *Universal Health Servs., Inc. v. U.S. ex rel. Escobar*, 136 S. Ct. 1989, 2001 (2016), holding that plaintiffs must satisfy "at least" two conditions to invoke an implied false certification theory, requires plaintiff to demonstrate both conditions or whether the plaintiff can satisfy the test if only one of those two conditions are satisfied?

3) Whether the government's actual practices in not seeking repayment based upon an alleged misrepresentation means that the alleged violation is not "material" under the FCA?

4) Whether the FCA requires plaintiff to prove each element at an individualized transactional level and hence cannot prove the falsity element by reference to general corporate practices without linking those practices to individual claims?

5) Whether plaintiff can advance a reverse false claim theory without setting forth any facts establishing that defendant knowingly and

---

[2]  On June 8, 2020, the Government filed Statement of Interest pursuant to 28 U.S.C. § 517 to assist the Court in considering whether to certify five issues for appeal. (Govt. Opp. at 1.) The Government expressly did not address the merits of the underlying case. (*Id.*)

3

>   improperly concealed or avoided an obligation to remit an overpayment?

(Def. Memo. at 1-2.)

Section 1292(b) creates a narrow exception to the final judgment rule and allows district courts to certify orders for interlocutory appeal if certain criteria are satisfied and the district court determines that certification is appropriate.  *See* 28 U.S.C. § 1292(b); *see also TCF Banking and Sav., F.A. v. Arthur Young & Co.,* 697 F.Supp. 362, 366 (D. Minn. 1988).  The statute provides:

>   When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).  Section 1292 is "to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation.  It was not intended merely to provide review of difficult rulings in hard cases."  *Union Cnty., Iowa v. Piper Jaffray & Co.,* 525 F.3d 643, 646 (8th Cir. 2008) (quotation omitted).  Thus, a motion for certification for interlocutory appeal "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted."  *White v. Nix,* 43 F.3d 374, 376 (8th Cir. 1994) (noting that "[i]t has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants").

While a grant of certification under § 1292(b) does not automatically stay litigation, the Court has broad authority to grant a stay under both that section and its "discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006).

Here, Defendants argue that each question it wishes to certify is a controlling question of law because each is based on an interpretation of the scope and meaning of the FCA[3]; there are substantial grounds for disagreement because courts have split in

---

[3] With respect to the first question, Defendants assert that "the precise pure question of law" is whether "if nothing more than reasonable disagreement exists among clinicians regarding whether a service is of sufficient complexity in light of the patient's condition to qualify as skilled, the clinician's opinion that it is skilled can be a 'false' opinion as a matter of law." (Def. Memo. at 7.)

Defendants assert that "[q]uestion 2 will resolve the pure question of law regarding whether Relators must satisfy 'at least' the two conditions that the Supreme Court set forth in *Escobar*, 136 S. Ct. at 2001, to invoke an implied false certification theory" when "there is no factual dispute that the first part of the *Escobar* test was not satisfied in this case." (*Id.* 7-8.)

Defendants contend that "[q]uestion 3 concerns the legal issue of whether, under *Escobar*, materiality can be demonstrated when it is undisputed that the government has undertaken no effort to recoup an overpayment on paid claims and does not seek repayment of paid claims based upon the laws allegedly breached." (*Id.* at 9.)

Finally, Defendants assert that: (1) "[q]uestion 4 concerns whether the FCA requires that each element be satisfied at a transactional level such that the falsity element must be satisfied by demonstrating that the claim is false rather than by reference to general corporate practices involving knowledge evidence"; and that (2) "[q]uestion 5 concerns whether to satisfy the elements to a reverse false claims act cause of action the plaintiff must submit evidence that defendant 'knowingly' or 'knowingly and improperly' concealed or avoided an obligation to remit an overpayment and not simply rely on the same facts used to assert a false presentment or false statement cause of action."

5

resolving the questions and the Eighth Circuit has not had an opportunity to address them; and resolution of these issues will materially advance the ultimate termination of this matter. (Def. Memo. at 3.) Moreover, Defendants argue that a stay is necessary to "promote the Court's interests in efficiency and judicial economy." (*Id.* at 19.)

Relators argue that Defendants' Motion is an improper attempt to obtain immediate review of decisions it does not agree with. (Rel. Opp. at 3.) Moreover, Relators contend that none of the five issues Defendants are controlling questions of law because: (1) Defendants' argument based on its expert's review of medical files is irrelevant because the primary issue of whether the services for which Defendants were billing Medicare were provided by assistants who were not qualified, licensed or supervised as required by state law is a question of fact; (2) Defendants are wrong when they say there is no evidence of any misrepresentation; (3) *Escobar* supports that such misrepresentations are material; and (4) Defendants' fourth and fifth issues were not specifically raised with respect to their summary judgment motions and were thus not part of the Orders Defendants seek to have certified.[4] (*Id.* at 3-4 (citing *Escobar*, 136 S. Ct. at 2001-04).)

Similarly, the Government argues that Defendants do not present any "exceptional" legal issues that meet the heavy burden for immediate appeal. (Govt. Opp. at 1-2.) The Government asserts that "Defendants have filed a kitchen-sink motion seeking extraordinary judicial review of five separate issues," in attempt to "relitigate

---

[4]   The Court agrees.

their summary judgment issues with the Eighth Circuit before a trial in this matter." (Govt. Opp. at 2.)

Having reviewed the parties' submissions, the Court finds that Defendants have failed to demonstrate that the circumstances here warrant the extraordinary relief of interlocutory review. Specifically, the Court finds that Defendants fail to present any controlling issue of law.[5] While it is clear that Defendants disagree with the Court's rulings on the issues they raise, immediate appeal is "not intended merely to provide review of difficult rulings in hard cases." *Union Cnty., Iowa v. Piper Jaffray & Co.,* 525 F.3d 643, 646 (8th Cir. 2008) (quotation omitted). Moreover, the Court finds that after more than twelve years of litigation, further delay fails to advance the interests of justice.

In sum, the Court finds that Defendants have failed to meet the "heavy burden" of demonstrating that certification is warranted.[6] Therefore, Defendants' Motion is denied.

---

[5] The Court notes that to the extent questions 4 and 5 takes issue with whether a false claim must be proved at an individualized transactional level and whether facts that support a false presentment cause of action can also support a reverse false claim cause of action, those questions are presented for the first time in this Motion and are therefore inappropriate for certification.

[6] Because the Court denies Defendants' request for certification of interlocutory appeal, the Court need not address Defendants' request for a stay.

**ORDER**

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to stay proceedings and for certification of Interlocutory Appeal (Doc. No. [522]) is **DENIED**.

Dated:  June 10, 2020                              s/Donovan W. Frank
                                                   DONOVAN W. FRANK
                                                   United States District Judge